MEMORANDUM **
In these consolidated petitions, Isaias Velasquez Palencia (“Velasquez Palencia”) and Maria Martina Velasquez (“Velasquez”), husband and wife and natives and citizens of Mexico, petition for review of *474 the Board of Immigration Appeals’ (“BIA”) orders dismissing their appeal from an immigration judge’s (“IJ”) removal order, and denying them motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo legal claims. Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir.2005). We dismiss petition No. 06-70981 with respect to Velasquez Paten-cia, and grant and remand with respect to Velasquez. We deny petition No. 06-73487.
We lack jurisdiction to review the agency’s discretionary determination that Velasquez Patencia failed to show exceptional and extremely unusual hardship to a qualifying relative, see MaHinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005), and Velasquez Patencia does not raise a color-able due process claim, id. We need not reach Velasquez Palencia’s challenge to the IJ’s good moral character determination because the agency’s hardship determination is dispositive.
We lack jurisdiction over Velasquez Palencia’s contention regarding the IJ’s alleged exclusion of evidence because Velasquez Patencia failed to exhaust this contention. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is generally mandatory and jurisdictional).
The record reflects that the agency did not consider potential hardship to Velasquez’ legal permanent resident mother should Velasquez be removed to Mexico. See 8 U.S.C. § 1229b(b)(l)(D). We therefore remand for further consideration of Velasquez’s cancellation of removal application. See generally INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
The BIA acted within its discretion in denying petitioners’ motion to reopen alleging ineffective assistance of counsel because petitioners failed to demonstrate that they were prejudiced by their former counsel’s performance. See Mohammed, 400 F.3d at 793-94.
We lack jurisdiction over Velasquez Pal-encia’s contentions that the IJ erroneously denied him voluntary departure, and that his former counsel’s failure to raise this to the BIA was prejudicial, because Velasquez Patencia failed to exhaust these contentions. See Barron, 358 F.3d at 678; Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000).
No. 06-70981: PETITION FOR REVIEW DISMISSED with respect to Isaí-as Velasquez Falencia; GRANTED AND REMANDED with respect to Maria Martina Velasquez.
No. 06-73487: PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.